**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

SCHOLZ DESIGN, INC.            )
        Plaintiff,      )
        v.              )   Case No. 08-1087
                               )
CAMPBELL SIGNATURE HOMES, LLC.)
                               )
        Defendant.      )

## ORDER

Before the Court is Plaintiff Scholz Design Inc.'s ("Scholz") Motion for Entry of Default Judgment against Defendant Campbell Signature Homes, LLC ("Campbell"). For the reasons set forth below, this Motion [#9] is GRANTED IN PART AND DENIED IN PART.

### Background

On April 14, 2008, Scholz filed a Complaint against Campbell, alleging two counts of copyright infringement on certain architectural drawings. The Summons and Complaint were served on Campbell on April 22, 2008. Fed. R. Civ. P. 12(a) provides that Campbell had to answer the Complaint within 20 days of being served. Campbell failed to answer or otherwise plead within twenty days, which began to run on April 22, 2008.

On September 22, 2008, this Court entered a Text Order, finding that Campbell was in default for failing to timely respond to the Complaint. The Court directed Scholz to file an appropriately documented application for default judgment, supported by affidavits and other documentation in support of damages.

Scholz filed its Motion for Entry of Default Judgment and Memorandum in support of its Motion. In its Memorandum, Scholz noted that had Campbell answered the Complaint and had discovery been performed, Scholz would have been able to ascertain the scope of Campbell's business and whether there were additional acts of infringement. Scholz stated that damages pursuant to the Copyright Act, 17 U.S.C. § 504 (c)(2), can be "up to $150,000 per act of infringement" and that it had ascertained that there at least two infringing acts.

Scholz requested that this Court enter a Default Judgment and enter an Order (1) finding that Campbell willfully infringed Scholz's copyrights; (2) finding that Scholz is entitled to statutory damages in the amount of $150,000 per act of infringement for a total of $300,000; (3) in the alternative, "finding that Campbell infringed on Scholz's copyrights and generated gross damages in the amount of $528,129 for the Longwood House and for the Worthington House, which [Schotz] is entitled to for a total amount of $737,886"; and (4) finding that Scholz is entitled to its reasonable costs.

The Court conducted a telephone hearing with Scholz on December 3, 2008. At this hearing, the Court asked Scholz to submit additional documentation to support the amount of damages being sought. Scholz resubmitted its Motion for Default Judgment and attached several additional documents. However, the Court did not find any of these additional documents helpful in determining why Scholz should be entitled to the maximum amount in damages.

2

On January 5, 2009, the Court issued a Text Order explaining that it was unable to ascertain, based on the Scholz's current submissions, why Scholz is entitled to the statutory maximum amount of damages.  The Court noted that in setting statutory damages, it considers the expenses saved and profits reaped by a defendant in connection with the infringements, the revenues lost by a plaintiff as a result of a defendant's conduct, and the infringer's state of mind whether willful, knowing, or merely innocent.  The Court directed Scholz to file any supplemental arguments it wished to submit regarding why the Court should impose the statutory maximum within 14 days of the Order.  To date, Scholz has failed to submit any supplemental arguments.

## Discussion

In the Complaint, Scholz alleges that "[u]pon information and belief, Campbell['s]… copyright infringement was knowing, willful and intentional." (Compl. ¶ 21).  The Court entered Default against Campbell after Campbell failed to plead or otherwise defend the lawsuit.  A default judgment establishes, as a matter of law, that a defendant is liable to a plaintiff on each cause of action alleged in the complaint. *e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 602 (7th Cir. 2007).  Therefore, the Court finds that Campbell's copyright infringement was knowing, willful and intentional, because Scholz made this allegation in its Complaint.

However, even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. *e360 Insight,* 500 F.3d at 602. The district

court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *Id.*

The Copyright Act provides that:

> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. 17 U.S.C. § 504 (c)(2)

After reviewing Scholz's submissions, the Court finds that while Scholz seeks the statutory maximum, Scholz fails to explain why this amount is reasonable and fails to provide legal authority justifying the imposition of the statutory maximum. Therefore, the Court finds that the statutory maximum is not justified and that $20,000 per infraction is more reasonable, for a total of $40,000.

## CONCLUSION

For the reasons set forth herein, Scholz's Motion for Entry of Default Judgment [#9] is GRANTED IN PART AND DENIED IN PART. The Court (1) finds that Campbell willfully infringed Scholz's copyrights (2) awards $20,000 per infraction, for a total default judgment amount of $40,000 and (3) finds that Scholz is entitled to its reasonable costs.

ENTERED this 12th day of February, 2009.

/s Michael M. Mihm  
Michael M. Mihm  
United States District Judge

4